UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                                  PLAINTIFF

v.                                            No. 2:13-CR-20037-009

CURTIS ATKINS                                                                                              DEFENDANT

## OPINION AND ORDER

Defendant Curtis Atkins filed a motion (Doc. 484) to modify his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c) and attached exhibits under seal (Doc. 485). The Government filed a response (Doc. 488) in opposition and exhibits under seal (Doc. 489). In addition to the motion and response, the Court has reviewed other documents on the record, including the presentence investigation report (Doc. 292). The motion will be DENIED.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c).

On October 31, 2013, Defendant pled guilty to conspiracy to distribute methamphetamine in violation of Title 21 U.S.C. §§ 841(a)(1) and 846. On May 29, 2014, Defendant was sentenced to 130 months imprisonment and three years supervised release. Defendant requests a reduction of his sentence to time served, or in the alternative modification of his sentence that would result in a period of home confinement. The parties agree that Defendant has exhausted his administrative remedies. (Doc. 488, pp. 5-6).

The motion will be denied because the § 3553(a) factors do not support modification. As to the nature and circumstances of the offense, Defendant was involved in a drug trafficking organization and routinely purchased substantial quantities of methamphetamine for the purpose of distribution. At sentencing, the Court found Defendant was accountable for 496.125 grams of methamphetamine and Defendant qualified for the career offender enhancement in § 4B1.1 of the United States Sentencing Guidelines. Defendant's history and characteristics revealed a drug addiction and a lengthy criminal history. Defendant appears to have maintained good conduct while incarcerated and his current release date is September 7, 2022. Despite Defendant's good conduct, the Court finds a reduction of Defendant's sentence would not afford adequate deterrence or provide Defendant with the most effective correctional treatment. Because the 3553(a) factors do not support modification, Defendant's motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 484) is DENIED.

IT IS SO ORDERED this 30th day of April, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE